UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA R., on behalf of D. J. R. IV,[1]

                Plaintiff,

-v-

LELAND DUDEK, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,[2]

                Defendant.

CIVIL ACTION NO. 24 Civ. 6514 (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

### I.     INTRODUCTION

Plaintiff Linda R. moves for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (ECF No. 21 (the "Motion")). Defendant Leland Dudek, the Acting Commissioner of the Social Security Administration (the "Commissioner") opposes the Motion only because the number of hours Ms. R's counsel expended on this case "is excessive and unreasonable[,]" so he requests an eight-hour reduction in Ms. R's attorney work time. (ECF No. 24 at 2). For the reasons set forth below, the Motion is GRANTED in part and DENIED in part, and the Court awards attorneys' fees to Plaintiff's counsel, Law Office of Charles E. Binder and Harry J. Binder, LLC (the "Firm"), in the amount of $9,982.78.

---

[1] On May 1, 2018, the Judicial Conference's Committee on Court Administration and Case Management issued a memorandum that encouraged courts to better protect the privacy of non-governmental parties in Social Security matters by using only the first name and last initial of the claimant in published opinions.

[2] On February 16, 2025, Leland Dudek became the Acting Commissioner of Social Security. (ECF No. 24 at 1 n.1). Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is respectfully directed to substitute Leland Dudek for Martin O'Malley as the defendant in this case.

## II.     BACKGROUND

### A. Procedural Background

On July 15, 2022, Ms. R filed an application for Child Disability Benefits ("CDB") on behalf of her son, D. J. R. IV (the "Application"), alleging a disability with an onset date of November 1, 2019. (ECF No. 8 at 2). The Social Security Administration ("SSA") denied the Application, and Ms. R requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 5, 2023. (Id.) On February 27, 2024, the ALJ denied the Application, finding that D.J.R. was not entitled to CDB ("ALJ Decision"). (Id.) On July 30, 2024, the Appeals Council denied Ms. R's request for review of the ALJ Decision. (Id.)

On August 29, 2025, Ms. R filed an action in this Court challenging the ALJ Decision. (ECF No. 1). On September 12, 2024, the parties consented to Magistrate Judge jurisdiction for all purposes. (ECF No. 10). On November 10, 2024, the 1,423-page Social Security Action Administrative Record ("Administrative Record") was filed. (ECF No. 11). On January 22, 2025, Ms. R moved for judgment on the pleadings, supported by a 33-page memorandum of law, which contains a statement of facts of about 14 pages ("MJP"). (ECF No. 16). On February 13, 2025, without further briefing on the MJP and by a stipulation of the parties, the Court reversed and remanded the ALJ Decision to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 19). On February 14, 2025, the Clerk of Court entered judgment accordingly. (ECF No. 20).

B. **The Motion**

On March 12, 2025, Ms. R filed the Motion, seeking attorneys' fees pursuant to the EAJA. (ECF No. 21). Ms. R has transferred and assigned her rights and interests in EAJA attorneys' fees to the Firm. (ECF No. 23-2 ¶ 4).[3]

Two attorneys from the Firm expended a total of 39.40 hours on the federal court proceedings. (ECF Nos. 23 ¶¶ 6, 8; 23-1). Daniel S. Jones expended 33.60 attorney hours and Charles E. Binder expended 5.80 hours. (ECF No. 23-1). Mr. Binder attests that Mr. Jones "is a 2010 graduate of the New York Law School" and "has practiced exclusively in the area of federal court appeals of Social Security disability claims for over a decade, having worked on over a thousand cases on briefs filed in every District Court . . . [and] having drafted briefs filed in all twelve of the Circuit Courts that hear appeals of Social Security claims[.]" (ECF No. 23 ¶ 7). Mr. Binder further attests that his own background in social security actions "includes many years working almost exclusively on Social Security disability cases both at the administrative and federal court level. [He has] handled thousands of administrative hearings and federal appeals." (Id. ¶ 9). Ms. R initially sought attorneys' fees valuing attorney time at $253.37 per hour, for a total of $9,982.78 (the "Initial Fees Request"). (ECF No. 23 at 4; 23-1).

On March 24, 2025, the Commissioner filed an opposition to the Motion. (ECF No. 24 (the "Opposition")). The Commissioner does not challenge the timeliness of the Motion, that Ms. R is a prevailing party, or oppose the requested hourly rate. (Id. at 2). He does, however, contend

---

[3] Courts in this district honor a plaintiff's assignment of attorneys' fees to counsel under the EAJA in the absence of a suggestion that the plaintiff has outstanding federal debts. See, e.g., Romero v. Comm'r of Soc. Sec., No. 20 Civ. 10918 (SDA), 2022 WL 17551776, at *2 (S.D.N.Y. Dec. 11, 2022). Nothing in the record suggests that Ms. R has outstanding federal debts, so the Court honors the assignment.

that the 39.40 hours Ms. R's counsel expended litigating her federal case is "excessive and unreasonable[.]" (Id.) The Commissioner requests an eight-hour reduction from the 9.5 hours Ms. R's counsel spent "summarizing the record" in the MJP "when only about three pages of that summary was relevant and indeed utilized in arguing the case." (Id.)

The Firm opposes the Commissioner's request for a reduction in the Initial Fees Request and, instead, amended the Initial Fees Request, adding 2.8 hours—totaling 42.20 attorney work hours—for preparing the Motion and responding to the Opposition. (ECF Nos. 25; 25-1). The additional 2.8 hours at a rate of $253.37 per hour increases the request for attorneys' fees to $10,692.21 ("Amended Fees Request"). (Id.)

### III.   DISCUSSION

#### A. Legal Standards Under the EAJA

Under the EAJA, a party is eligible to recover attorneys' fees when the party is the "prevailing party" in a civil action against the United States. The EAJA provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

For purposes of the statute, a party is generally defined as:

> (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization,

4

the net worth of which did not exceed $7,000,000 at the time the civil action was filed . . . .

28 U.S.C. § 2412(d)(2)(B).

To be considered a "prevailing party," a plaintiff "must achieve a material, judicially-sanctioned alteration of the legal relationship that favors it." Indep. Project, Inc. v. Ventresca Bros. Constr. Co. Inc., 397 F. Supp. 3d 482, 490 (S.D.N.Y. 2019) (citing Perez v. Westchester Cnty. Dep't of Corr., 397 F. Supp. 3d 482, 149 (2d Cir. 2009)).

Under the EAJA, attorneys' fees shall be awarded to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Examining this text, the Supreme Court in Pierce v. Underwood explained that "substantially justified" does not mean "justified to a high degree," "but rather 'justified in substance or in the main'– that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation . . . ." 487 U.S. 552, 565 (1988) (emphasis added). Under this standard, the United States' position "can be justified even though it is not correct, and . . . it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n.2; see Kirkland v. R.R. Ret. Bd., 706 F.2d 99, 105 (2d Cir. 1983) (denying EAJA fee award where the government's action "although erroneous, was not so devoid of legal or factual support that a fee award is appropriate"). A court must look "not [to] what the law is when the EAJA application is made, but rather whether the government was substantially justified in believing the law not to have

5

foreclosed its position during the underlying litigation." CFTC v. Dunn, 169 F.3d 785, 787 (2d Cir. 1999) (per curiam).

The scope of the "position of the United States" includes both the position taken during the civil litigation and "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); see Comm'r v. Jean, 169 F.3d 785, 159, 159 n.7 (1990) (examining Section 2412(d)(2)(D) and determining that "only one threshold determination for the entire civil action is to be made," as "Congress' emphasis on the underlying Government action supports a single evaluation of past conduct"). Although a civil lawsuit may have numerous phases, "the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." Jean, 496 U.S. at 161–62.

Courts have found the government's position not to be substantially justified where, for example, its decisions at the agency level contained significant errors of law and fact and failed to provide explanations of its rationale, see Gomez-Beleno v. Holder, 644 F.3d 139, 145–46 (2d Cir. 2011), or where the agency disregarded or mischaracterized evidence. Ericksson v. Comm'r of Soc. Sec., 557 F.3d 79, 82 (2d Cir. 2009); see Chursov v. Miller, No. 18 Civ. 2886 (PKC), 2019 WL 5092007, at *1 (S.D.N.Y. Oct. 11, 2019) (finding that the agency's actions were "arbitrary, capricious, and without foundation in the record," and therefore not "substantially justified"); Hill v. Comm'r of Soc. Sec., No. 14 Civ. 9665 (GBD) (BCM), 2019 WL 5092007, at *4 (S.D.N.Y. July 28, 2017) (finding that the Commissioner's position was not "substantially justified" where agency's administrative law judge "mischaracterize[ed] evidence"), adopted by, 2017 WL 5634679 (S.D.N.Y. Nov. 21, 2017); Stroud v. Comm'r of Soc. Sec. Admin., No. 13 Civ. 3251 (AT) (JCF), 2015 WL 2114578, at *3 (S.D.N.Y. Mar. 24, 2015) (finding that the

6

Commissioner's position was not "substantially justified" where agency's commentary on applicable regulation "undermined" his position and supported the claimant's), adopted as modified by, 2015 WL 2137697 (S.D.N.Y. May 6, 2015).

### B. Application

#### 1. Ms. R is a prevailing party.

The Commissioner has conceded that Ms. R is a "prevailing party[.]" (ECF No. 24 at 2). Moreover, the Court so-ordered the parties' stipulation reversing and remanding the ALJ decision for further administrative proceedings, so Ms. R is a prevailing party under the EAJA. (ECF No. 19). See Holman v. Comm'r of Soc. Sec., No. 19 Civ. 4393 (PGG) (KHP), 2021 WL 9036256, at *1 (S.D.N.Y. July 19, 2021) (concluding plaintiff was a prevailing party under EAJA when the parties "entered into a stipulation of remand for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)"), adopted by, 2022 WL 2763816 (S.D.N.Y. July 15, 2022); Afriyie v. Comm'r of Soc. Sec., No. 19 Civ. 4635 (JLC), 2021 WL 1178579, at *2 (S.D.N.Y. Mar. 30, 2021) (concluding that, "[b]ecause [plaintiff] received a remand, she is the prevailing party").

Thus, Ms. R is a prevailing party entitled to recover attorneys' fees under the EAJA. Id.

#### 2. Reasonableness of the Requested Fees

To start, the Commissioner does not oppose Ms. R's counsel's hourly rate. (ECF No. 24 at 2). Under the EAJA, "attorney[s'] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Courts in this district adjust the hourly cap of $125.00, imposed in

March 1996, to its dollar equivalent at the time of the award. See Holman, 2021 WL 9036256, at *2; Camilo v. Colvin, No. 11 Civ. 1345 (DAB) (MHD), 2015 WL 3385734, at *3 (S.D.N.Y. Jan. 13, 2014), adopted by, 2015 WL 3385734 (S.D.N.Y. May 26, 2015). "District courts . . . determine the cost-of-living adjustment by multiplying the basis EAJA rate by the current consumer price index [("CPI")] for urban consumers, and then dividing the product by the [CPI for urban consumers] in the month that the cap was imposed." Romero v. Comm'r of Soc. Sec., No. 20 Civ. 10918 (SDA), 2022 WL 17551776, at *1 (S.D.N.Y. Dec. 11, 2022); see Morales v. Colvin, 13 Civ. 6844 (LGS), 2015 WL 4597547, at *1 (S.D.N.Y. July 29, 2015) (same).

Here, most of the work was performed by Ms. R's counsel in January and February 2025 (ECF Nos. 23-1; 25-1), when the CPI for urban consumers for the Northeast Urban Region was calculated to be 332.009. See CPI Index Overview Table—Mid-Atlantic, U.S. Bureau of Labor Statistics, available at https://www.bls.gov/regions/mid-atlantic/data/xg-tables/ro3xg01.htm (last accessed April 17, 2025). The appropriate adjusted rate is, therefore, $254.92 per hour.[4]

Ms. R requests an hourly rate of $253.37, which is less than $254.92. (ECF No. 23-1). Because the "requested rate . . . is lower than the permissible CPI-adjusted rate[] for th[e] time period[], [it] is a reasonable rate for the work performed in this case." Jimenez v. Comm'r of Soc. Sec., No. 21 Civ. 2030(KMK) (AEK), 2023 WL 7304680, at *2 (S.D.N.Y. May 31, 2023).

The Initial Fees Request reflected that Ms. R's attorneys expended 39.40 hours, and in the Amended Fees Request that number increased to 42.20 hours. (ECF Nos. 23-1; 25-1). The Commissioner did not have an opportunity to respond to the Amended Fees Request because briefing on the Motion concluded and he did not seek leave to file a sur-reply, but he opposed

---

[4] 332.009 / 162.80 * $125.00 = $254.92.

the reasonableness of the hours expended in the Initial Fees Request and seeks a reduction of eight hours.  (ECF No. 24 at 5–8).

Ms. R's counsel expended 3.50 hours reviewing and organizing the Administrative Record and an additional 9.5 hours drafting the statement of facts for the MJP.  (ECF No. 23-1).  The Commissioner contends that the 3.50 hours spent reviewing the record was reasonable but that experienced counsel, like Mr. Binder and Mr. Jones, would have concluded during their review that "much of the record evidence was outside of the relevant period, and thus did not warrant detailed summarizing[.]"  (ECF No. 24 at 6–8).  In the Commissioner's view, because a "relatively short summary of medical evidence and opinion evidence pertain[ing] to the relevant period" was necessary, a reduction of eight hours—to 1.5 hours—"for the time spent drafting the [s]tatement of [f]acts" is warranted.  (Id.)  He adds that: (i) this action "did not involve any issues of first impression, unique or extraordinary facts, or procedural complications[,]" merely "issues and arguments that are commonly argued by plaintiffs' counsel[] in Social Security disability cases"; (ii) Ms. R's argument primarily relied on evidence summarized in just three pages of the approximately 14-page statement of facts; and, (iii) Ms. R's counsel did not draft a reply brief or prepare for or present oral argument in this action, so the total 39.40 hours expended are excessive and unreasonable.  (Id. at 6–8).  Moreover, the Commissioner recognizes that Ms. R's 39.40 hours of attorney work "falls within the 20-40-hour range that courts consider reasonable for routine Social Security cases."  (Id. at 8 (citing Padula v. Colvin, 602 F. App'x 25, 28 (2d Cir.

2015); Barbour v. Colvin, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014); Sava v. Comm'r of Soc. Sec., No. 06 Civ. 3386 (KMK) (PED), 2014 WL 129053, at *3 (S.D.N.Y. Jan 10, 2014)).

The Firm argues that (i) the Commissioner "admitted all of the medical evidence into the record," and (ii) even if D.J.R.'s medical evidence before he turned 22 years old does not relate "to the treatment of medical conditions that began after" he turned 22, it is still relevant and "highly probative to the determination of disability[,]" so the lengthy statement of facts was justified.  (ECF No. 25 at 2–3).  He adds that courts in this circuit have concluded that medical evidence obtained before and after a plaintiff's last insured date may be relevant to a disability determination.  (Id. at 3–4 (collecting cases)).  He further contends that the length of the MJP "reflect[s] the complexity of the record and legal issues" in this case and that a reduction of fees based on counsel's experience is improper.  (Id. at 4–7).

On balance, while 39.40 hours is modestly more than the 31.40 hours the Commissioner concedes is reasonable, we find that Ms. R provided sufficient justification for the 39.40 attorney hours expended on this case.  Other courts within the Second Circuit have found that even larger numbers of hours expended were reasonable.  See, e.g., Colegrove v. Barnhart, 435 F. Supp. 2d 218, 220–21 (W.D.N.Y. 2006) (95.5 hours of time appropriate in case with administrative record over 1,100 pages); Guzman ex rel. Nelson v. Comm'r of Soc. Sec., No. 05 Civ. 6086 (WHP) (DFE), 2008 WL 1318920, at *2 (S.D.N.Y. Apr. 9, 2008) (70.40 hours reasonable in a case that involved one round of briefing and administrative record of only 116 pages); Hinton v. Sullivan, No. 84 Civ.

9276 (CES), 1991 WL 123960, at *5 & n.8 (S.D.N.Y. July 2, 1991) (158.55 hours reasonable in case involving administrative record of more than 1,000 pages).

Accordingly, the Initial Fees Request is reasonable.  See Holman, 2021 WL 9036256, at *4 (concluding Commissioner's request to reduce plaintiff counsel's attorney time from 46 to 40 hours for similar reasons as here was not warranted).  The Amended Fees Request, reflecting an additional 2.8 hours of attorney work to prepare and file the Motion and review and file a reply—which did not meaningfully assist the Court in its analysis of the Motion—is not justified.  See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 558 (2010) ("Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of" the district court).

### IV.    CONCLUSION

Therefore, the Motion is **GRANTED in part and DENIED in part**, and the Firm is awarded fees under the EAJA in the amount of **$9,982.78**.

The Clerk of Court is respectfully directed to close ECF No. 21.

Dated:     New York, New York
           April 17, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**